June 2, 2025

**Supreme Court**

No. 2023-340-Appeal.
(PC 22-1362)

Marilyn L. Wilson          :

v.                         :

The City of Providence, by and through  :
its Treasurer, James J. Lombardi, et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Marilyn L. Wilson          :

v.                         :

The City of Providence, by and through  :
its Treasurer, James J. Lombardi,[1] et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** Are surviving spouse death benefits, created by statute, assignable in a property settlement agreement that has been incorporated but not merged into a final judgment of divorce? In the context of this case, we answer that question in the negative. In the case at bar, plaintiff Marilyn Wilson appeals from a partial final judgment entered in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure following a Superior Court order granting summary judgment in favor of defendant Diane Wilson as to count one and count three of Marilyn's complaint and count one of Diane's cross-claim.[2] On appeal, Marilyn contends that the hearing justice erred in interpreting

---

[1] Pursuant to Rule 25(d)(1) of the Superior Court Rules of Civil Procedure, Shomari Husband was automatically substituted for James J. Lombardi after succeeding him as the Treasurer for the City of Providence.

[2] For clarity we refer to Marilyn Wilson and Diane Wilson by their first names only. No disrespect is intended.

G.L. 1956 § 45-21.3-1 and Section 17-189(m)(6) of the Code of Ordinances of the City of Providence (the Providence Code), thereby holding that Diane, and not Marilyn, is the surviving spouse of Milton Wilson and is entitled to receive the surviving spouse benefits set forth in the statute and ordinance. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

The underlying material facts of the case before us are largely undisputed. Mr. Wilson and Marilyn were married on March 28, 1980. At the time of their nuptials, Mr. Wilson was employed as a police officer with the Providence Police Department. After approximately fourteen years of marriage, Marilyn filed for divorce from Mr. Wilson in January 1994. During the pendency of the divorce action, Mr. Wilson retired from the Providence Police Department in December of the same year. Thereafter, in April 1995, Marilyn and Mr. Wilson entered into a property settlement agreement (the agreement). The agreement provided, in pertinent part, that

> "the husband has a pension with the City of Providence, which has a marital coverture value of approximately $300,000.00 * * *. The parties agree that the Husband shall have all right, title and interest to said pensions to the exclusion of the Wife, subject to the provisions set forth in paragraph FIFTH * * *."

Paragraph fifth stated that "[t]he Husband shall nominate the Wife as the designated beneficiary to receive his survivor pension benefits from the City of Providence" and

> "that it is the intention that [the] wife be an irrevocable beneficiary on any of the pension, or annuity benefits that the husband has with the City of Providence * * *. It is acknowledged that the consideration for [the] same is wife's waiver of the husband[']s pension benefits during his life and security for the alimony award herein which shall terminate on the death of either party."

The agreement stated that it was "to be incorporated by reference, and not merged, into the Final Judgment for Divorce" and that it was to "remain a separate contract between the parties." The Family Court entered final judgment in this divorce action in 1998.

Eventually, in May 2007, Mr. Wilson and Diane were married and remained so until his passing on December 5, 2020. After Mr. Wilson died, Marilyn contacted the retirement office for the City of Providence (the city) regarding survivor benefit payments, which the city had declined to remit to her.

Later, in April 2021, Marilyn sought postjudgment relief, requesting that the Family Court "issue a Writ of Execution regarding [Marilyn's] property right to survivor pension benefits from the City of Providence pursuant to her status as [Mr. Wilson's] surviving spouse, as indicated in the Family Court Final Judgment, Property Settlement Agreement, and Decision Pending Entry of Final Judgment."

- 3 -

The city, however, acknowledged that it had been paying a surviving spouse benefit to Diane rather than Marilyn. This led Marilyn to file a second motion for postjudgment relief in the Family Court, seeking to compel the city to pay the surviving spouse benefit to her rather than Diane. A Family Court justice declined to rule on the second motion.

Marilyn then turned to the Superior Court and filed suit against the city and Diane seeking a declaratory judgment (count one), relief under breach of contract (count two), and injunctive relief (count three). Diane also filed a cross-claim against the city, seeking a declaratory judgment establishing that "she is the surviving spouse of Mr. Wilson" and that "she is entitled to Mr. Wilson's surviving spouse pension benefits from the City[.]" Diane and Marilyn filed cross-motions for summary judgment and presented arguments before a hearing justice in the Superior Court.

Before the hearing justice, Marilyn argued that she was entitled to summary judgment and to be paid the surviving spouse benefit under the property settlement agreement that she entered into with Mr. Wilson and pursuant to the final judgment of the Family Court. Marilyn also noted that the surviving spouse benefits "derive from" § 45-21.3-1 and Section 17-189(m)(6) of the Providence Code. Specifically, § 45-21.3-1 requires that when a retired police officer dies, "sixty-seven and one-half percent (67½%) of the benefits paid to the retired police officer * * * shall be paid

to his or her dependent spouse, for his or her lifetime until he or she remarries * * *." Similarly, Section 17-189(m)(6) of the Providence Code requires that, upon the death of a retired police officer, "a pension equal to sixty-seven and one-half (67½) percent of the retirement allowance * * * paid to such retired member shall be paid to his surviving spouse, for her lifetime until she remarries * * *." Marilyn recognized that this is "a matter of first impression" because the state statute and city ordinance referenced *supra* have not "been interpreted by a Rhode Island court."

During Marilyn's arguments before the Superior Court, the hearing justice asked Marilyn's counsel "[i]f a provision of the Property Settlement Agreement, even if approved by a Family Court judgment * * * collided with a statutory scheme, what happens then?" Counsel responded by stating that "in that situation, the property settlement [agreement] would be invalid." Marilyn's counsel then asserted that "[i]n this case, the Property Settlement Agreement and the Final Judgment are consistent with the statute and ordinance." Marilyn further argued that "[t]he statute and ordinance provide that the dependent spouse, in the case of [the] statute, and the surviving spouse, in the case of the ordinance, are to receive surviving benefits from the City * * *. The statute and the ordinance do not define surviving spouse or dependent spouse."

At the same hearing, Diane also argued that she was entitled to summary judgment under the same statute and ordinance that Marilyn relied upon. Diane

- 5 -

argued that § 45-21.3-1 and Section 17-189 (m)(6) of the Providence Code "are both abundantly clear that the benefit to be awarded goes to the surviving or dependent spouse." Diane further asserted that "there is absolutely no dispute, in fact, that Diane Wilson is the surviving spouse of Mr. Wilson. They were married at the time of his death." Diane asked the Superior Court to apply the "ordinary and plain meanings" of "surviving spouse" and "dependent spouse" to the facts of the case at bar, and argued that doing so would lead the court to conclude that Diane was entitled to summary judgment and the survivor benefits. Furthermore, Diane argued that granting Marilyn her requested relief "would contradict or contravene both the plain and ordinary meaning of the statute and the ordinance."

The city also presented arguments before the Superior Court at the same hearing. It argued that it is "bound by the statute and the ordinance" at issue, and that, therefore, "Diane Wilson is the surviving spouse * * *." Additionally, the city cited *Romano v. Retirement Board of the Employees' Retirement System of the State*, 767 A.2d 35 (R.I. 2001), averring that, in that case, this Court held that members of a pension system cannot "circumvent a statut[ory] mandate."

After hearing arguments, the hearing justice took the matter under advisement, and on August 24, 2023, she issued her decision granting Diane's motion for summary judgment and denying Marilyn's motion for summary judgment. First, the hearing justice addressed Diane's arguments relevant to Marilyn's claims being

time-barred by the statute of limitations; this issue, however, has not been argued before us on appeal and need not be further addressed.

The hearing justice then considered whether Marilyn or Diane was the "surviving spouse" by examining the relevant statute and ordinance.[3] She explained that she "must ascertain the Legislature['s], or the City Council's, intent in enacting the legislation." Furthermore, the hearing justice noted that "[t]he best indication of legislative intent is a statute's plain language. Accordingly, 'if the language of a statute or ordinance is clear and unambiguous, it is given its plain and ordinary meaning.'" (Quoting *City of Woonsocket v. RISE Prep Mayoral Academy*, 251 A.3d 495, 500 (R.I. 2021).)

The hearing justice referenced the definition of "spouse" in *Black's Law Dictionary* before ultimately concluding that

> "pursuant to the plain and unambiguous language of the statute and ordinance, 'surviving spouse' and 'dependent spouse' refers to the retiree's husband or wife by lawful marriage who is surviving or dependent on the retiree 'upon their death.' * * * Contrary to Marilyn's argument that there is no language in the statute or ordinance to limit the term 'spouse' to one's current spouse, the term 'spouse' *by itself* refers to a person who is lawfully married, rather than a person who was *previously* lawfully married. * * * Additionally, there is absolutely nothing in the language of

---

[3] We note that G.L. 1956 § 45-21.3-1 uses the phrase "dependent spouse" and Section 17-189(m)(6) of the Providence Code uses the phrase "surviving spouse" to describe the same person: the spouse that will receive the survivor benefit payments. Because both Marilyn and Diane used the phrase "surviving spouse" in their papers before the Superior Court, we will utilize that term throughout this opinion.

the statute or ordinance to indicate that the term 'spouse' should encompass a person's 'ex-spouse' or 'former spouse.'"

Further, the hearing justice pointed out that "interpreting the term 'surviving spouse' as including a decedent's surviving ex-spouse would contravene the City Council and General Assembly's clear intent." From the plain and ordinary meaning of the words of the statute and ordinance, the hearing justice determined that

> "the statute and the ordinance were clearly intended to provide financial support to the spouse or the minor children of a deceased retiree during a time in which the spouse or children may be financially vulnerable. * * * It would be contrary to that intent to interpret the statute and ordinance as permitting an ex-spouse to receive the surviving spouse benefit, particularly when Mr. Wilson had a current spouse at the time of his death who may need financial support."

Accordingly, she found that Diane, not Marilyn, is indeed the surviving spouse of Mr. Wilson and is entitled to the survivor benefit payments.

Additionally, the hearing justice addressed arguments surrounding the Family Court judgment and the agreement that arose from the divorce action between Marilyn and Mr. Wilson. The hearing justice first recalled that the agreement was incorporated, not merged, into the final judgment in the divorce case. She continued to explain that "a property settlement agreement that was not *merged* into the final judgment is a separate and independent contract." (Emphasis added.) As such, the hearing justice ruled that the agreement in question is a separate agreement between

- 8 -

Marilyn and Mr. Wilson to be treated like an ordinary contract. Accordingly, the hearing justice went on to rule that,

> "to the extent that Marilyn claim[ed] the provisions of the Property Settlement Agreement assigned her a right to the surviving spouse benefit pursuant to § 45-21.3-l and Providence Code Section 17-189(m)(6), that provision of the Property Settlement Agreement is void because it directly conflicts with the clear and unambiguous language of § 45-21.3-1 and Providence Code § 17-189(m)(6)."

Finally, the hearing justice addressed Marilyn's arguments that stated: "(1) the Family Court has the power to equitably divide pension benefits; (2) unassignable pension benefits are subject to equitable division; (3) the final divorce granted Marilyn an unalienable property interest in the surviving spouse benefit; and (4) the Family Court has the power to bind third parties to a divorce." Pursuant to the hearing justice's reasoning that the surviving spouse benefit provision of the agreement between Marilyn and Mr. Wilson is void because it violates the statute and ordinance, she determined that all of these arguments were unavailing. The hearing justice explained that "the Family Court does not have the authority to order an administrative agency to issue pension benefits in violation of the statutory provisions under which the agency operates."

Accordingly, the hearing justice granted Diane's motion for summary judgment and denied Marilyn's motion for summary judgment. An order to that effect entered August 28, 2023. Diane thereafter moved for entry of a partial final

judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, to which Marilyn objected. A hearing on that matter was held on September 26, 2023, and an order entered on October 4, 2023, stating that: (1) Diane's motion for entry of partial final judgment on counts one and three of Marilyn's complaint was granted; (2) Diane's motion for entry of judgment on count one of her cross-claim was granted; and (3) separate and final judgment entered for Diane. A partial final judgment to that effect entered that same day. This appeal follows.

## II

### Standard of Review

"This Court reviews *de novo* a hearing justice's decision granting summary judgment." *Bronhard v. Thayer Street District Management Authority*, 326 A.3d 178, 183 (R.I. 2024) (quoting *Bennett v. Steliga*, 300 A.3d 558, 567 (R.I. 2023)). "Examining the case from the vantage point of the hearing justice who passed on the motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party." *Id*. (quoting *Bennett*, 300 A.3d at 567).

"Additionally, this Court reviews questions of statutory interpretation *de novo*." *Bronhard*, 326 A.3d at 183. "In so doing, our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id*. (quoting *Finnimore & Fisher Inc. v. Town of New Shoreham*, 291 A.3d 977, 983 (R.I. 2023)).

- 10 -

## III

## Discussion

Before this Court, Marilyn advances two claims of error. First, Marilyn asserts that the surviving spouse benefits were solely the property of Marilyn pursuant to the property settlement agreement and the final judgment of the Family Court in Marilyn and Mr. Wilson's divorce action. Second, Marilyn avers that the hearing justice erred in her statutory interpretation of § 45-21.3-1 and Section 17-189(m)(6) of the Providence Code.

## Statutory Interpretation

We begin by analyzing the hearing justice's interpretation of the operative statute and ordinance. On appeal, Marilyn summarily submits that "[t]he Hearing Justice relied on the isolated definition of the term 'spouse' to conclude that survivor benefits are restricted 'to the retiree's husband or wife by lawful marriage who is surviving or dependent on the retiree upon their death.'" Conversely, Diane argues that "[t]he Statute and Ordinance are compulsory and clear," and, so, the hearing justice correctly gave the words of the statute their plain and ordinary meaning. We agree.

Indeed, this Court has consistently held that "[w]hen the statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." *Cranston Police Retirees Action Committee v. City of Cranston, by and through*

*Strom*, 208 A.3d 557, 586 (R.I. 2019) (quoting *South County Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 215 (R.I. 2015)). In the case at bar, the hearing justice devoted a portion of her written decision to scrutinizing the meanings of the words in the statute and ordinance to give them their plain and ordinary meanings. This ultimately led the hearing justice to conclude that "pursuant to the plain and unambiguous language of the statute and ordinance, 'surviving spouse' and 'dependent spouse' refer[] to the retiree's husband or wife by lawful marriage who is surviving or dependent on the retiree 'upon their death.'" We agree that under their plain and ordinary meanings, the terms "surviving spouse" and "dependent spouse" both refer to the person to whom a decedent was married at the time of his or her death.

Marilyn also argues that giving the plain and ordinary meaning to the words of the statute and ordinance, as the hearing justice did, would contravene the legislative intent behind them. She further submits that "[t]he General Assembly and the City Council did not intend to restrict the scope of survivor benefits based on marital status." In response to this, Diane argues that "Marilyn, in essence, asks this Court to rewrite the Statute and Ordinance so that the 'surviving spouse' benefit can be paid to an *ex*-spouse, in clear contravention of the legislative intent." Additionally, the city argues:

> "The City Council's intent in enacting the ordinance was
> to ensure the economic security of the surviving spouses

- 12 -

of police officers and fire fighters. This is evident from the mandatory language of the ordinance, which contains no exceptions to the requirement that the pension benefit be paid to the employee's surviving spouse, even to the exclusion of dependent children unless there is no surviving spouse. If the Council intended to prevent the employee's dependent children from collecting the benefit (unless there was no surviving spouse), it seems highly unlikely that the Council intended the employee's former spouse to collect the benefit."

We agree that the statute and ordinance, when given their plain and ordinary meanings, reveal that the respective enacting legislative bodies thereof intended to provide a surviving spouse benefit only to surviving spouses, and not to surviving former spouses.

### Property Settlement Agreement and Final Judgment

Marilyn argues that this Court should overturn the hearing justice's decision because, upon the Family Court's final judgment of divorce between Marilyn and Mr. Wilson, the surviving spouse benefits became Marilyn's "sole and separate property, free from any interest of Mr. Wilson." At oral argument before this Court, Marilyn asserted that the agreement provides that it was Mr. Wilson and Marilyn's "intention that [Marilyn] be an irrevocable beneficiary on any of the pension, or annuity benefits that the husband has * * *." Marilyn asserts that this language from the agreement evidences her entitlement to the survivor benefit payments because she was named as the beneficiary.

- 13 -

In response, Diane submits that this "argument fails because the surviving spouse benefit under the Statute and Ordinance is materially different than the beneficiary of the survivor benefit of an accumulated contribution pension." Before this Court, Diane submits that the contributory pension and the surviving spouse benefit are completely distinct and are two separate benefits. Diane argues that the surviving spouse benefit is statutory, while the contributory pension benefit is assignable, and the pensioner can name a surviving beneficiary. Indeed, what Marilyn contracted for in the property settlement agreement was "security for the alimony" therein. Clearly the intent of the agreement was for Marilyn to receive any remaining accumulated contribution amount if Mr. Wilson died and was therefore unable to pay alimony. The accumulated contribution was, however, long gone before Mr. Wilson died.

The city agrees with Diane. On appeal, the city argues that the surviving spouse benefit is statutory and separate from the election of a surviving beneficiary who is chosen to receive the balance of a pension contribution account that remains upon the death of the pensioner. Thus, the city asserted at oral argument before this Court that, even if Mr. Wilson never remarried after his divorce, Marilyn would still not be entitled to the statutory surviving spouse benefit because they were not married at the time of Mr. Wilson's death. Furthermore, also at oral argument before this Court, the city agreed that it did not choose to pay the surviving spouse benefit

to Diane over Marilyn, but rather Diane was the only surviving spouse who could possibly receive the surviving spouse benefit. This, argued the city, revealed the legislative intent behind the ordinance as being a policy choice to protect widows, widowers, and orphans of deceased, retired police officers and firefighters.

Upon our review of the record, the applicable statute and ordinance, and the agreement, we hold that the surviving spouse benefit is a distinct statutory benefit, separate from any other pensions, which must be paid to the decedent retiree's surviving spouse, as defined *supra*.

Marilyn also asserts that allowing Diane to collect the survivor benefit makes "the Family Court's ability to equitably divide marital property in divorce proceedings * * * a nullity." Marilyn maintains that "[t]he Hearing Justice's reasoning is antithetical to Rhode Island law[,]" and that "Mr. Wilson cannot 'unilaterally deprive' Marilyn of her right to survivor benefits."

Having determined that the surviving spouse benefit under § 45-21.3-1 and Section 17-189(m)(6) of the Providence Code is distinct from the "survivor pension benefits" referenced in the property settlement agreement, we need not address this argument further.

# IV

## Conclusion

For the foregoing reasons, we affirm the partial final judgment of the Superior Court. The papers in this case may be remanded to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Marilyn L. Wilson v. The City of Providence, by and through its Treasurer, James J. Lombardi, et al. |
| **Case Number** | No. 2023-340-Appeal.<br>(PC 22-1362) |
| **Date Opinion Filed** | June 2, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melanie Wilk Thunberg |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Robert P. Brooks, Esq.<br>For Defendants:<br><br>Hannah M. Foye, Esq.<br>Ryan C. Hurley, Esq. |